### UNITED STATES *v.* REYNOLDS.

*(District Court, E. D. South Carolina. January 8, 1892.)*

PENSIONS—PROCURING PAYMENT—EXCESSIVE COMPENSATION.

At the instance of an ignorant pensioner, an attorney filled out the vouchers necessary to obtain the first payment, forwarded them to the proper pension agent, received the latter's check, procured the pensioner's indorsement thereto, and drew the money. *Held* that, although he had no hand in procuring the allowance of the pension, he was still a "person instrumental in prosecuting the claim," within the meaning of Rev. St. U. S. § 5485, which makes it a misdemeanor for such a person to retain a greater compensation than is allowed by the pension laws.

At Law. Indictment of Thomas J. Reynolds for wrongfully withholding pension money. On motion to instruct the jury to return a verdict of not guilty. Denied.

*B. A. Haygood*, Asst. U. S. Atty.

*S. J. Lee*, for defendant.

SIMONTON, J. The defendant is indicted under section 5485, Rev. St. U. S. The indictment charges that the defendant, a "person instrumental in prosecuting the claim" of one Jack Danner for pension, wrongfully withheld from him the sum of $10. Danner was a private

in 33d infantry, United States colored troops. He was put upon the pension rolls 11th August, 1890. His papers were all prepared and his claim established by Mrs. E. A. Crofut, pension attorney at Beaufort, S. C. In June, 1891, blanks were sent to Danner for the purpose of enabling him to obtain his first payment of pension. He took these to the defendant, who is an attorney at law and notary public at Beaufort. The defendant filled them out and took the necessary affidavit, and at the instance of Danner sent the voucher to the pension agent at Knoxville, with directions that Danner's address was to the care of T. J. Reynolds, at Beaufort. The pension agent sent the check to the care of defendant. When it came, he procured the indorsement of the check by Danner, collected the money, and paid Danner its face value, less $10. Danner is grossly ignorant and illiterate. The defendant says that Danner lent him this money. Danner denies this entirely. A motion is made that the jury be instructed to find defendant not guilty. The position is that the pension claim was prosecuted and established through Mrs. Crofut, as attorney, and, even if Danner's statement be true, defendant was not "a person instrumental in prosecuting a claim for pension." The pensioners deserve and receive at the hands of the government the most careful and tender consideration. Many of them are helpless; often they are ignorant, and exposed to extortion. For this reason congress has enacted laws for protecting them from the rapacity of their agents, not only in the steps necessary for the establishment of their right to be upon the pension rolls, but also in every proceeding which must be taken in order to obtain the installments of their pension. The defendant was instrumental in prosecuting the claim of Danner, within the terms of the section. The case must go to the jury.